1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

POST TENSION CABLES INC,

11

Plaintiff,

12

v.

13

ACTUANT CORPORATION,

14

Defendant.

CASE NO. 2:19-CV-01455-RSL-DWC

REPORT AND RECOMMENDATION

Noting Date: November 29, 2019

15

16

17

18

19

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 9. Presently before the Court is Plaintiff Post Tension Cables, Inc.'s Motion for Order of Dismissal. Dkt. 12. After review of the record, the undersigned recommends this case be dismissed with prejudice and without costs pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and Defendant Actuant Corporation's Motion to Dismiss be denied as moot.

20

**BACKGROUND**

21

22

23

On September 11, 2019, Defendant removed this action from state court. *See* Dkt. 1. Defendant filed a Motion to Dismiss (Dkt. 7) on September 18, 2019, but has not filed an answer or motion for summary judgment. *See* Docket; *see also* Dkt. 1 (state court documents).

24

**DISCUSSION**

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). The action may also be dismissed by a stipulation of dismissal signed by all parties who have appeared. Fed.R.Civ.P. 41(a)(1). "Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). Where dismissal under Rule 41(a)(1) is unavailable, Rule 41(a)(2) permits an action to be "dismissed at the plaintiff's request" by court order on terms the court considers proper. Fed.R.Civ.P. 41(a)(2).

Here, Defendant has not filed an answer or motion for summary judgment, and Defendant's Motion to Dismiss does not impact Plaintiff's ability to voluntarily dismiss this case. Therefore, Plaintiff may voluntarily dismiss this action. Accordingly, dismissal pursuant to Rule 41(a) is proper.

**CONCLUSION**

For the foregoing reasons, the Court recommends Plaintiff's Motion for Order of Dismissal (Dkt. 12) be granted and the Complaint be dismissed with prejudice and without costs. The Court also recommends denying Defendant's Motion to Dismiss (Dkt. 7) as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1 │ review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2 │ imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3 │ November 29, 2019, as noted in the caption.

4 │        Dated this 12th day of November, 2019.

5

6 │                                          _____
                                            David W. Christel
7 │                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3